## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNARD MOOTE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. CC-07-139 |
| | § | |
| ELI LILLY & COMPANY, ET AL. | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER REMANDING CASE

Plaintiff has moved to remand his suit to the 229th District Court of Duval County, Texas.  Based on the allegations before it, and after hearing arguments by the parties, the Court holds that defendant Eli Lilly & Co. has not met its burden of demonstrating that there is no possibility of recovery by plaintiff against an in-state defendant.  *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The presence of the in-state defendant, Dr. Burcham Fuqua, in this case precludes the assertion of jurisdiction under 28 U.S.C. § 1332 and leaves the Court without subject matter jurisdiction.

The Court recognizes that the agreement between plaintiff and Dr. Fuqua to indefinitely extend the expert report deadline provided in Tex. Civ. Prac. & Rem. Code § 74.351 is troublesome, but the Court does not find that the agreement is prohibited under Texas law.  The Court also considers the specific allegations leveled against Dr. Fuqua by plaintiff in his first amended petition and the representations made by plaintiff's counsel at the hearing that he intends to pursue his claim against Dr. Fuqua.

Accordingly, the Court finds that Dr. Fuqua is a validly joined party and that jurisdiction under 28 U.S.C. § 1332 is improper.

Accordingly, the Court GRANTS plaintiff's Motion to Remand.  The Court ORDERS this case remanded to the 229th District Court of Duval County, Texas pursuant to 28 U.S.C. § 1447(c) and (d).

ORDERED this 22nd day of February, 2008.

HAYDEN HEAD
CHIEF JUDGE